1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | RICKY LYNN NEWTON,                    )    1:09-CV-00113 OWW GSA HC
   |                                       )
12 |                 Petitioner,           )
   |                                       )    FINDINGS AND RECOMMENDATION
13 |     v.                                )    REGARDING PETITION FOR WRIT OF
   |                                       )    HABEAS CORPUS
14 |                                       )
   | KEN CLARK, Warden,                    )
15 |                                       )
   |                 Respondent.           )
16 |  _____)

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20                                    **BACKGROUND**

21          Petitioner is currently in the custody of the California Department of Corrections pursuant to

22   a judgment of the Superior Court of California, County of Stanislaus, following his conviction by

23   jury trial on June 5, 2006, of various narcotics offenses for which he received a total determinate

24   sentence of twenty years in state prison. See Petition at 2.

25          Petitioner appealed to the California Court of Appeals, Fifth Appellate District (hereinafter

26   "Fifth DCA"). On February 13, 2008, the Fifth DCA affirmed the judgment in a reasoned opinion.

27   See Appendix 1, Petition. Petitioner then filed a petition for review in the California Supreme Court.

28   The California Supreme Court denied the petition on April 30, 2008. See Petition at 3.

U.S. District Court
E. D. California          cd                              1

1    On January 14, 2009, Petitioner filed the instant federal habeas petition in this Court. He

2    presents one claim for relief: He alleges CALCRIM No. 220, which is the California instruction

3    defining reasonable doubt, is an incorrect statement of law, or one that is reasonably likely to be

4    applied in an unconstitutional manner so as to violate Petitioner's federal constitutional right to due

5    process.

6                                        **DISCUSSION**

7    **I.  Preliminary Review of Petition**

8         Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

9         If it plainly appears from the petition and any attached exhibits that the petitioner is not
          entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
10        to notify the petitioner.

11   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

12   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

13   dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

14   dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

15   were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

16   **II.  Jurisdiction**

17        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

18   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

19   the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

20   375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

21   Constitution.  In addition, the conviction challenged arises out of the Stanislaus County Superior

22   Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).

23   Accordingly, the Court has jurisdiction over the action.

24        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

26   Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

27   F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

28   *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

1   (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was

2   filed after the enactment of the AEDPA; thus, it is governed by its provisions.

3   **III.  Legal Standard of Review**

4         This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

5   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

6   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

7         The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death

8   Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70

9   (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

10   adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

11   application of, clearly established Federal law, as determined by the Supreme Court of the United

12   States" or "resulted in a decision that was based on an unreasonable determination of the facts in

13   light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,

14   538 U.S. at 70-71; see Williams, 529 U.S. at 413.

15         As a threshold matter, this Court must "first decide what constitutes 'clearly established

16   Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

17   *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court

18   must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

19   of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly

20   established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

21   the Supreme Court at the time the state court renders its decision." Id.

22         Finally, this Court must consider whether the state court's decision was "contrary to, or

23   involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,

24   *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the

25   writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

26   question of law or if the state court decides a case differently than [the] Court has on a set of

27   materially indistinguishable facts."  Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.

28   "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state

1    court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

2    applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

3        "[A] federal court may not issue the writ simply because the court concludes in its

4    independent judgment that the relevant state court decision applied clearly established federal law

5    erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A

6    federal habeas court making the "unreasonable application" inquiry should ask whether the state

7    court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

8        Petitioner has the burden of establishing that the decision of the state court is contrary to or

9    involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,

10    94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,

11    Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

12    decision is objectively unreasonable.  See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th

13    Cir.1999).

14        AEDPA requires that we give considerable deference to state court decisions. The state

15    court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's

16    interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537

17    U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003).

18    **IV.  Review of Petition**

19        In his sole ground for relief, Petitioner claims CALCRIM No. 220, the instruction defining

20    reasonable doubt, is an incorrect statement of law, or one that is reasonably likely to be applied in an

21    unconstitutional manner so as to violate Petitioner's federal constitutional right to due process.

22        A.  Review by State Courts

23        The claim was first presented on direct appeal to the Fifth DCA.  On February 13, 2008, the

24    Fifth DCA denied the claim in a reasoned opinion. See Appendix 1, Petition.  Petitioner then

25    petitioned for review in the California Supreme Court. See Petition at 3. The petition was denied on

26    April 30, 2008. Id. The California Supreme Court is presumed to have denied the claims presented

27    for the same reasons stated in the opinion of the Fifth DCA.  Ylst v. Nunnemaker, 501 U.S. 797, 803

28    (1991).

1    The appellate court analyzed and rejected the claim as follows:

2         CALCRIM No. 220, as instructed by the trial court, provided:

3         A defendant in [a] criminal case is presumed to be innocent. This presumption
     requires that the People [prove] each element of the crime beyond a reasonable doubt.
4    Whenever I tell [you] the People must prove something, I mean they must prove it
     beyond a reasonable doubt.

5
          *Proof beyond a reasonable doubt is proof that leaves you with an abiding
6    conviction that the charge is true.* The evidence need not eliminate all possible doubt
     because everything in life is open to some possible or imaginary doubt. [Italics
7    added.]

8         In deciding whether the People proved their case beyond a reasonable doubt,
     you must impartially compare and consider all the evidence that was received
9    throughout the entire trial. Unless the evidence proves the defendant guilty beyond a
     reasonable doubt, he is entitled to an acquittal and you must find him not guilty.
10
          The government must prove beyond a reasonable doubt every element of a charged
11   offense. (*In re Winship* (1970) 397 U.S. 358, 361-368.) There is no standard formula for
     instructing on the meaning of reasonable doubt. (*Victor v. Nebraska* (1994) 511 U.S. 1, 5.)
12   "[S]o long as the court instructs the jury on the necessity that the defendant's guilt be proved
     beyond a reasonable doubt [citation], the Constitution does not require that any particular
13   form of words be used in advising the jury of the government's burden of proof. [Citation.]
     Rather, 'taken as a whole, the instructions [must] correctly conve[y] the concept of
14   reasonable doubt to the jury.'" (*Ibid.; People v. Mayo* (2006) 140 Cal.App.4th 535, 542.)
     Section 1096a provides that a court "may" instruct with the reasonable doubt instruction of
15   section 1096, but it does not require that precise language. (*People v. Freeman* (1994) 8
     Cal.4th 450, 503.)
16
          CALCRIM No. 220 plainly required the prosecutor to prove the defendant guilty
17   beyond a reasonable doubt. Indeed, the final sentence of the instruction stated: "Unless the
     evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to an acquittal
18   and you must find him not guilty." The trial court also instructed with CALCRIM No. 103
     regarding the presumption of innocence and the prosecution's burden of proving every
19   element of the crimes beyond a reasonable doubt and with CALCRIM Nos. 224 and 225
     regarding circumstantial evidence and proof beyond a reasonable doubt. These instructions
20   reiterated the prosecution's burden of proof.

21        Furthermore, we do not believe the jurors, when instructed simply to reach an
     "abiding conviction"-without being informed that an abiding conviction is a *feeling,* as stated
22   in section 1096-failed to give the case the grave consideration necessary or failed to
     recognize the need for "subjective certitude." An abiding conviction, even without further
23   explanation, connotes the weighty nature of the judgment and the importance of the decision.
     (See, e.g., *People v. Barillas* (1996) 49 Cal.App.4th 1012, 1022 [use of term "abiding
24   conviction" *without* "moral certainty" is adequate instruction].) Employing plain language,
     CALCRIM Nos. 103 and 220 correctly conveyed the concept of reasonable doubt in the
25   instant case.

26        Accordingly, we conclude there is no reasonable likelihood that the jurors understood
     the instructions as diminishing the seriousness of the task and thereby diluting either the
27   presumption of innocence or the reasonable doubt standard. In other words, there is no
     reasonable likelihood that the jurors applied the challenged instruction in a way that violates
28   the Constitution. (*Estelle v. McGuire* (1991) 502 U.S. 62, 72-73: *People v. Cain* (1995) 10

U.S. District Court
E. D. California          cd                                    5

1     Cal.4th 1, 36.) FN3

2           FN3. CALCRIM No. 220 has survived other constitutional challenges as well. (E.g.,
      *People v. Guerrero* (2007) 155 Cal.App.4th 1264; *People v. Westbrooks* (2007) 151
3     Cal.App.4th 1500; *People v. Rios* (2007) 151 Cal.App.4th 1154; *People v. Flores*
      (2007) 153 Cal.App.4th 1088.)
4
   People v. Newton, 2008 WL 375993 (Cal. Ct. App. 5 Dist. 2008).
5
           B.  Review of Claim
6
           As noted by the appellate court, the Due Process Clause of the Fourteenth Amendment
7
   "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact
8
   necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364
9
   (1970).  The United States Supreme Court has held that "the Constitution does not require that any
10
   particular form of words be used in advising the jury of the government's burden of proof.  Rather,
11
   taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury."
12
   Victor v. Nebraska, 511 U.S. 1, 5 (1994).  The Victor Court further held that an instruction cast in
13
   terms of an "abiding conviction" as to guilt, without reference to "moral certainty," correctly stated
14
   the state's burden of proof." Id. at 14-15. That being so, Petitioner fails to demonstrate that the state
15
   court rejection of his claim "resulted in a decision that was contrary to, or involved an unreasonable
16
   application of, clearly established Federal law, as determined by the Supreme Court of the United
17
   States." 28 U.S.C. § 2254(d). The petition should be summarily denied.
18
                                   **RECOMMENDATION**
19
           Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
20
   SUMMARILY DENIED.  It is FURTHER RECOMMENDED that the Clerk of Court be
21
   DIRECTED to enter judgment for Respondent.
22
           This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
23
   States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
24
   of the Local Rules of Practice for the United States District Court, Eastern District of California.
25
   Within thirty (30) days (plus three days if served by mail) after being served with a copy, any party
26
   may file written objections with the court and serve a copy on all parties.  Such a document should
27
   be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
28

1   objections shall be served and filed within ten (10) court days (plus three days if served by mail)

2   after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

3   28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

4   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

5   Cir. 1991).

6

7          IT IS SO ORDERED.

8      **Dated:    February 4, 2009**                          **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California        cd                                    7